UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JACY KELLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv31 |
| | ) | (GBL/BRP) |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM
IN RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE**

## INTRODUCTION

Defendant United States of America favors consolidation of this companion case for loss of consortium with Plaintiff Laura Kelley's separately-filed personal injury action, provided that an initial scheduling order issue only after the United States responds to the complaint in the recently-served personal injury action. Plaintiff did not attempt to serve the United States with the summons and complaint in the personal injury action until April 24, 2008 and the deadline for the United States to respond is June 23, 2008. Fed. R. Civ. P. 12(a)(2). Issuance of the initial scheduling order after the United States responds to the second complaint will prevent any prejudice that would result from an initiation of discovery before the United States has an opportunity to ascertain and present all of its defenses to the personal injury action.

**PROCEDURAL HISTORY**

On January 15, 2008, two actions were filed arising from the crash of an airplane on which Laura Kelley was a passenger. Plaintiffs Laura and Jacy Kelley filed Case No. 1:08cv31 against the United States, Skyworld Aviation and Tracey Corp. for loss of consortium. Plaintiff Laura Kelley filed Case No. 1:08cv32 against the same defendants seeking damages for her own personal injuries.[1] Plaintiffs Laura and Jacy Kelley served the United States Attorney with a summons and complaint in the loss of consortium case on February 22, 2008. (Affidavit of R. Wachter, Doc. 4 in Case No. 1:08cv31). The United States answered this complaint on April 22, 2008.

Plaintiff Laura Kelley did not serve the United States Attorney with a summons and complaint in the personal injury case until April 24, 2008. (Affidavit of R. Wachter, Doc. 3 in Case No. 1:08cv32). The 60-day deadline for the United States to respond to this complaint by answer or motion runs on June 23, 2008. Fed. R. Civ. P. 12(a)(2).

**ARGUMENT**

I. <u>Consolidation Should Be Done in a Manner that Is Not Prejudicial to Any Parties</u>.

Courts considering consolidation of cases must determine whether "the specific risks of prejudice and possible confusion [from consolidation are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties,

---

[1] Plaintiffs could have filed a single complaint against all defendants alleging both causes of action. Fed. R. Civ. P. 18(a). The filing of separate lawsuits necessitated Plaintiffs serving an additional set of summonses and complaints.

witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." *In re Microstrategy, Inc. Securities Litigation*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) (quoting *Arnold v. Eastern Air Lines Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).  If the *Kelley* cases are consolidated, issuance of an initial scheduling order after the United States responds to the recently-served complaint by answer or motion will prevent any prejudice to the United States that would result from consolidation.

II.   Issuance of an Initial Scheduling Order After the United States Responds to the Recently-Served Personal Injury Complaint Will Allow the United States Sufficient Time to Ascertain its Defenses Prior to the Commencement of Discovery.

The United States will suffer prejudice if consolidation leads to an order commencing discovery in both actions before it is able to respond to the personal injury complaint that Plaintiff served less than two weeks ago.  Under the Federal Rules of Civil Procedure and Local Civil Rules, a party is typically not subject to discovery until it has responded to the complaint by answer or motion.  *See* Fed. R. Civ. P. 16(b)(2), Local Civil Rule 16(B).  Although trial counsel for the United States has seen the summons and complaint recently served upon the United States Attorney alone, trial counsel has not yet been provided with the summons and complaint Plaintiff purported to serve upon the Attorney General.  Until the papers served upon the Attorney General are received, trial counsel will be unable to determine whether the United States should assert defenses to

the personal injury lawsuit based upon lack of personal jurisdiction, insufficient process or insufficient service of process. Fed. R. Civ. P. 12(b)(2), (4) and (5).

Proper service of process is not a mere formality, but is required to obtain personal jurisdiction over a defendant. *Piccone v. Moatz*, 136 F. Supp. 2d 525, 528-29 (E.D. Va. 2001) (Lee, J.) (dismissing from suit defendants that were not properly served). Service on both the Attorney General and the United States Attorney is required to properly serve the United States. Fed. R. Civ. P. 4(i)(1)(A), (B). A period of a few weeks is commonly required for summonses and complaints served upon the Attorney General to be reviewed, sorted, numbered, directed to the proper litigating office and assigned to trial counsel.

Once received, careful review of the summons and complaint actually served upon the Attorney General is required to ascertain all available defenses. For example, in the loss of consortium action, such a review disclosed that Plaintiffs improperly attempted to personally serve the Attorney General using a process server instead of sending him a copy of the summons and complaint by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(B). As a result, the United States raised the affirmative defenses that Plaintiffs did not properly serve the United States and lack of personal jurisdiction. (Answer at 10, Affirmative Defenses 10 and 11, Doc. 6 in Case No. 1:08cv31).[2] Trial counsel will not be

---

[2] In a recent letter, Plaintiffs' counsel indicated that she has re-served the Attorney General in Case No. 1:08cv31 in accordance with Fed. R. Civ. P. 4(i)(1)(B), but trial counsel is unable to verify that assertion at this time because the service papers have not yet been forwarded to his office.

4

able to prepare the Government's response to the personal injury complaint until he is able to review the summons and complaint served upon the Attorney General.  Failure to assert defenses concerning service of process and lack of personal jurisdiction in an answer or pre-answer motion may result in their waiver.  Fed. R. Civ. P. 12(h)(1).

Consolidation of Plaintiffs' loss of consortium and personal injury actions ultimately makes sense.  The two complaints filed by Plaintiffs concern common issues of law and fact and involve mostly the same parties.[3]  Nonetheless, the manner in which consolidation occurs should account for the fact that Plaintiff Laura Kelley did not serve the personal injury lawsuit until April 24, 2008 and that up to 60 days from service on the United States Attorney, as permitted by Fed. R. Civ. P. 12(a)(2), may be needed for the Government to ascertain all appropriate defenses to the personal injury lawsuit and respond without waiving any defenses.  If the Court orders consolidation, an initial scheduling order commencing discovery should issue only after the United States responds to the personal injury action that Plaintiff only very recently served.

## CONCLUSION

For the foregoing reasons, the United States does not object to Plaintiffs' Motion to Consolidate, provided that an initial scheduling order issue after the United States has responded to the complaint filed in Case No. 1:08cv32 by answer or motion.

---

[3] The only difference is that Jacy Kelley is not a party plaintiff in the personal injury action, Case No. 1:08cv32.

Dated:     May 7, 2008
           Washington, D.C.

                                    Respectfully submitted,

                                    GREGORY G. KATSAS
                                    Acting Assistant Attorney General

                                    CHUCK ROSENBERG
                                    United States Attorney

                                    By: _____/s/_____
                                    Lauren A. Wetzler (appearing pursuant to 28 U.S.C. § 517)
                                    Assistant United States Attorney
                                    Justin W. Williams U.S. Attorney's Bldg.
                                    2100 Jamieson Avenue
                                    Alexandria, VA 22314
                                    Tel: (703) 299-3752
                                    Fax: (703) 299-3893
                                    Lauren.Wetzler@usdoj.gov

                                    _____/s/_____
                                    Steven A. Kirsch
                                    Trial Attorney
                                    United States Department of Justice
                                    Torts Branch, Civil Division
                                    P.O. Box 14271
                                    Washington D.C.  20044-4271
                                    Tel: (202) 616-4048
                                    Fax: (202) 616-4159
                                    Steven.Kirsch@usdoj.gov
                                    Attorneys for Defendant, United States of America

**CERTIFICATE OF SERVICE**

     I certify that on this 7th day of May, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

H. Jan Roltsch-Anoll, Esq.
Szabo, Zelnick & Erickson, P.C.
12610 Lake Ridge Drive
Woodbridge, VA 22192
janoll@szelaw.com
Attorneys for Plaintiffs Jacy Kelley and Laura Kelley

Ronald P. Herbert
Mark D. Matthews
LeClair Ryan
Riverfront Plaza, East Tower
951 Byrd Street
P.O. Box 2499
Richmond, VA 23219
Ronald.Herbert@leclairryan.com
Mark.Matthews@leclairryan.com
Attorneys for Defendants Skyworld Aviation and Tracey Corp.

                                                    By: \_\_\_/s/_____
                                                    Lauren A. Wetzler
                                                    Assistant United States Attorney
                                                    Justin W. Williams U.S. Attorney's Bldg.
                                                    2100 Jamieson Avenue
                                                    Alexandria, VA 22314
                                                    Tel: (703) 299-3752
                                                    Fax: (703) 299-3893
                                                    Lauren.Wetzler@usdoj.gov